# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

**DALLAS DIVISION**



ISRAEL PERALES JR.,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Civil Action No.: _____

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff Israel Perales Jr., proceeding pro se, for his complaint against Defendant Wells Fargo Bank, N.A., states as follows:

## I. PARTIES

1. Plaintiff Israel Perales Jr. is an adult individual residing in Texas.
2. Plaintiff is a Hispanic male and former employee of Defendant.
3. Defendant Wells Fargo Bank, N.A. is a national banking association doing business in Texas and was Plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA").

## II. JURISDICTION AND VENUE

4. This action arises under:
   o Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and
   o Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.
5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.
6. Venue is proper in this District because:
   o Plaintiff was employed in this District;
   o The unlawful employment practices occurred in this District; and
   o Defendant conducts business in this District.
7. Plaintiff exhausted administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue.

## III. FACTUAL ALLEGATIONS

### A. Employment History

8. Plaintiff began working for Wells Fargo on June 9, 2014.
9. Plaintiff remained employed for nearly ten years, until his termination on August 12, 2024.
10. Plaintiff worked in a customer-facing banking role and regularly handled high-volume customer transactions.
11. Plaintiff was frequently assigned Spanish-speaking customers and complex account matters.
12. Plaintiff consistently performed his job duties sufficiently to apply for advancement opportunities within the company.

### B. Workplace Concerns and Internal Reporting

13. During his employment, Plaintiff observed and reported workplace issues involving:
    o Policy and procedure compliance;
    o Appointment and workflow inconsistencies;
    o Cash-handling and vault-control procedures; and
    o Management conduct affecting operations.
14. Plaintiff raised these concerns through internal channels, including management, Human Resources, and the EthicsLine.
15. Following these reports, Plaintiff experienced increased scrutiny and disciplinary actions.

## C. EEOC-Related Protected Activity

16. In February 2024, Plaintiff created an EEOC online account and began the intake process to report workplace issues.
17. On July 13, 2024, the EEOC acknowledged Plaintiff's submission and assigned inquiry number 450-2024-09312.
18. Plaintiff continued communicating with the EEOC regarding his intent to file a charge.
19. On September 30, 2024, the EEOC confirmed Plaintiff's continued and renewed intent to file.
20. Plaintiff's initiation and continuation of the EEOC intake process constituted protected activity under Title VII and the ADA.

## D. Escalation of Discipline

21. After engaging in EEOC-related protected activity, Plaintiff was subjected to escalating discipline.
22. Management relied on selective enforcement of policies and heightened scrutiny of Plaintiff's actions.
23. Plaintiff was disciplined for alleged performance issues that were known operational challenges and not uniformly enforced against other employees.
24. Plaintiff disputed these disciplinary actions internally.

## E. Termination

25. On August 9, 2024, Plaintiff received an additional disciplinary action.
26. On August 12, 2024, Plaintiff was terminated from employment.
27. Defendant stated the termination was based on performance.
28. Plaintiff's termination occurred shortly after he engaged in EEOC-related protected activity.
29. The close temporal proximity supports an inference that Plaintiff's protected activity was a motivating factor in the termination decision.

# IV. CLAIMS FOR RELIEF

## COUNT I — RETALIATION (Title VII)

(Against Wells Fargo Bank, N.A.)

30. Plaintiff engaged in protected activity by initiating and continuing communication with the EEOC regarding workplace concerns.
31. Defendant knew or reasonably should have known of Plaintiff's protected activity.
32. Defendant subjected Plaintiff to materially adverse employment actions, including escalating discipline and termination.
33. A causal connection exists between Plaintiff's protected activity and the adverse actions.
34. Defendant's conduct violated Title VII's anti-retaliation provisions.

## COUNT II — RETALIATION (ADA)

(Against Wells Fargo Bank, N.A.)

35. Plaintiff opposed workplace practices he reasonably believed violated the ADA.
36. Plaintiff engaged in protected activity under the ADA.
37. Defendant retaliated by increasing disciplinary actions and terminating Plaintiff's employment.
38. Defendant's conduct violated the ADA's anti-retaliation provisions.

# V. DAMAGES

39. As a result of Defendant's unlawful conduct, Plaintiff suffered:

- Loss of wages and income;
- Loss of employment benefits, including retirement contributions;
- Emotional distress and mental anguish;
- Reputational harm; and
- Loss of future career opportunities.

40. Plaintiff continues to suffer damages.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award back pay and lost benefits;

C. Award compensatory damages;

D. Award punitive damages as allowed by law;

E. Award pre- and post-judgment interest;

F. Award costs of suit; and

G. Grant such other relief as the Court deems just and proper.

# VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# VIII. SIGNATURE

Respectfully submitted,

Israel Perales Jr.

Plaintiff, Pro Se

2310 Sunnyvale Rd

Grand Prairie, TX 75050

Phone: 469-586-9543

Email: perales_israel@yahoo.com

Date:  2·2·26

# EXHIBIT A

## STATEMENT REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff Israel Perales Jr. submits this Statement to confirm exhaustion of administrative remedies as required under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA").

1. Plaintiff was employed by Defendant Wells Fargo Bank, N.A. until his termination on August 12, 2024.
2. In or about February 2024, Plaintiff initiated contact with the Equal Employment Opportunity Commission ("EEOC") by creating an online account and beginning the intake process concerning workplace issues at Wells Fargo.
3. On July 13, 2024, the EEOC acknowledged Plaintiff's submission and assigned inquiry number 450-2024-09312.
4. Plaintiff continued communicating with the EEOC regarding his intent to pursue a charge, including after his termination.
5. On September 30, 2024, the EEOC confirmed Plaintiff's continued and renewed intent to file a charge of discrimination.
6. The EEOC thereafter completed its investigation and issued Plaintiff a Notice of Dismissal and Right to Sue, which Plaintiff received on November 19, 2025.
7. Plaintiff is filing this civil action within ninety (90) days of receipt of the Notice of Right to Sue.
8. Plaintiff has therefore satisfied all administrative prerequisites to bringing this action under Title VII and the ADA.

Respectfully submitted,

Israel Perales Jr.

Plaintiff, Pro Se

2310 Sunnyvale Rd

Grand Prairie, TX 75050

Phone: 469-586-9543

Email: perales_israel@yahoo.com

Date: ___2.2.26___

CERTIFIED MAIL

7022 2410 0003 2919 3443

Retail

UNITED STATES
POSTAL SERVICE

75242

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
GRAND PRAIRIE, TX 75050
FEB 02, 2026

$7.47

S2324P503677-24

FROM:

Israel Perales Jr.
2310 Sunnyvale Rd.
Grand Prairie, TX 75050

X-RAY

TO:

Clerk of Court
U.S. District Court
Northern District of Texas
1100 Commerce St., Room 1452
Dallas, TX 75242

RECEIVED
FEB 5

Utility Mailer
10 1/2" x 16"

ReadyPost.