IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL PERALES, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-00300-K (BT) |
| | § | |
| WELLS FARGO BANK N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Israel Perales, Jr. seeks leave to proceed *in forma pauperis* (IFP) in this civil action. *See generally* IFP App. (ECF Nos. 4 & 7). For the following reasons, the Court should deny Plaintiff's motions for leave to proceed IFP and dismiss his case without prejudice unless he pays the $405.00 filing fee within 30 days of an order accepting this recommendation.

**Legal Standards and Analysis**

A federal district court may authorize a person to bring a civil action IFP— that is, without the prepayment of fees—when the person submits an affidavit establishing they cannot pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment

of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Courts consider plaintiff's assets, income together with his spouse's income, and expenses. *See, e.g.*, *Pryor v. J.B. Hunt Transp. Servs., Inc.,* 2023 WL 6057308, at *1 (N.D. Miss. June 22, 2023) ("Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse, expenses, and any other property or assets the individual possesses."). Courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden,* 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

Here, both Plaintiff and his spouse are employed and collectively receive $8,737 each month in employment income. IFP App. (ECF No. 7) at 1-2. They have two vehicles, three dependent children, and $6,361 collectively in monthly expenses. *Id.* at 3-5.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff financial hardship. Plaintiff and his wife have a collective household yearly income of $104,844. This income places Plaintiff well above the federal poverty threshold for a five-person household in

Texas. See OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2026*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited March 12, 2026).

Further, Plaintiff's claimed household income exceeds household expenses, resulting in a gross monthly surplus of $2,376. *See* IFP App. (ECF No. 7) at 1-5. *See Iluobe v. Equifax Info. Services, LLC*, 2026 WL 376377, at *1 (N.D. Miss. Jan. 20, 2026) (denying IFP application when the plaintiff's income exceeded monthly expenses and his household income was well above the poverty line) (citing *Prows*, 842 F.2d at 140; *Johnson v. Cargill, Inc.*, 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008)).

Considering Plaintiff's available income and expenses, the Court finds that Plaintiff has not shown that, because of his poverty, he cannot pay for the costs of this litigation and still provide for his household.

### Recommendation

The Court should **DENY** Plaintiff's motions for leave to proceed *in forma pauperis* (ECF Nos. 4 & 7) and dismiss his case without prejudice unless he pays the $405.00 filing fee within thirty days of an order accepting this recommendation.

**SO RECOMMENDED**.

Signed March 12, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).